IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
v.                               )   No.  08-10105-01-WEB
                                 )
LEOPOLDO LOPEZ-LOPEZ,            )
                                 )
            Defendant.           )
                                 )

## Memorandum and Order

This matter came before the court on September 29, 2008, for a hearing on the parties' objections to the Presentence Report and for sentencing. The court ruled orally on the objections at the sentencing hearing. This written memorandum will supplement the court's oral rulings.

*Government's Objection*. The Government objects to the Report's failure to apply a 16-level enhancement under USSG 2L1.2(b)(1)(A)(ii). It argues the defendant's prior conviction for Aggravated Burglary under Kansas law (PSR ¶31) qualifies as "burglary of a dwelling," and is therefore a "crime of violence" warranting the 16-level enhancement. *See* USSG 2L1.2, comment. (n. 1(B)(iii)). The PSR found the conviction did not qualify as burglary of a dwelling within the meaning of the guidelines because under the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), the conviction did not require proof that the place burglarized was a dwelling.

The Government argues the court should apply the "modified categorical approach" to look beyond the elements of the offense. It argues this approach is proper in view of the relationship between Burglary (K.S.A. § 21-3715) and Aggravated Burglary (K.S.A. § 21-3716).

While the Burglary statute distinguishes between burglary of dwellings and non-dwellings, the Aggravated Burglary statute does not draw that distinction. It applies to both types of burglary, with the added element that a human being must be present. The Government argues that Aggravated Burglary thus might or might not involve burglary of a dwelling. Because it is ambiguous, the Government contends it is appropriate to examine the charging document. It points out that the information charging the defendant alleged that he "knowingly and without authority enter[ed] into a building, to wit: the residence of Bessie Birt at 409 East Campbell, Hutchinson, Reno County, Kansas, in which there was a human being, to wit: Bessie Birt, with the intent to commit a felony or sexual battery therein." The Government argues the information makes clear that the offense involved burglary of a dwelling, thereby warranting the 16-level enhancement.

Defendant opposes the enhancement, arguing that the "categorical approach" restricts the court to examining the elements of the offense. Defendant argues the "modified" approach is only permitted for determining which part of a divisible statute was applied to the defendant. *Citing United States v. Zuniga-Soto*, 2008 WL 2252561 (10th Cir. 2008). He argues the modified approach is inapplicable here because the Aggravated Burglary statute, unlike Burglary, has no separable provision for burglary of a dwelling.

When a defendant contests whether his prior conviction constitutes one of the enumerated "crimes of violence" in USSG 2L1.2, the court is generally required to follow the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). *See United States v. Torres-Romero*, 537 F.3d 1155, 1158 (10th Cir. 2008). Under that approach, the court may look only to the statutory definition of the prior

offense, and not to the particular facts of the defendant's underlying conduct. *Taylor*, 495 U.S. at 600. The Supreme Court noted that this approach would avoid numerous practical difficulties of proof. *Id*. Only in "a narrow range" of cases can the court go beyond the statutory definition – specifically, when an examination of the statute reveals that it "reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." *Torres-Romero*, 537 F.3d at 1158 (quoting *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005)). Under this "modified categorical approach," the court "may examine judicial records in order to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face." *Id*. (*quoting United States v. Zuniga-Soto*, 527 F.3d 1110, 1121 (10th Cir.2008)).

As noted in *United States v. Herrera*, 2008 WL 2698644 (10th Cir., Jul. 11, 2008) the Tenth Circuit has imposed a significant limitation on use of the modified approach by stating that it may be used "*to determine which part of the statute* was charged against the defendant." *Id*. at *5 (*citing United States v. Hays*, 526 F.3d 674 (10th Cir. 2008)). The Tenth Circuit has said this means the modified approach is properly used when the statute of conviction "contains multiple element sets and is therefore divisible." *Id*.

These cases indicate the modified approach can only be used to determine which part of a statute the defendant was charged under. As defendant points out, the Kansas Burglary statute (21-3516) contains separate provisions for burglary of a dwelling (subsection a) and a non-dwelling (subsection b). The modified approach could thus be used to determine if a defendant was convicted of Burglary under subsection (a) or (b). But the Aggravated Burglary statute (21-

3716) contains no "element set" or "divisible" portion of the statute pertaining to burglary of a dwelling. For purposes of a conviction under this statute, whether or not the place was a dwelling is immaterial. The court is thus restricted to determining the nature of the defendant's prior conviction through use of the categorical approach. And under that approach, the statute clearly does not require proof that the defendant burglarized a dwelling. *See State of Kansas v. Carter*, 35 Kan.App.2d 327, 130 P.3d 135, 137-38 (2006) ("Although the term 'dwelling' was retained in the statute defining simple burglary, K.S.A. 21-3715, the statute for aggravated burglary no longer employed the term, replacing it with 'any building.' K.S.A. 21-3716. We conclude that the plain meaning of 'any building' requires no inquiry into the issue that plagued some historic burglary prosecutions, the extent to which adjoining or connecting portions of a structure were part of 'the dwelling house.'"). The defendant's conviction for Aggravated Burglary thus does not constitute "burglary of a dwelling" within the meaning of USSG 2L1.2. The Government's objection to the Presentence Report is therefore denied.[1]

*Defendant's Objection*. Defendant objects to the front page of the PSR because it reflects that he has been in custody since May 2, 2008. Defendant argues that a recent sentence of probation on a state case has some effect on his custody status, and he asks the court to amend the PSR to show his "correct starting date" for the sentence in the instant case.

The court finds that the determination of the appropriate starting date of the defendant's

---

[1] Of course, the court has discretion under 18 U.S.C. § 3553 to consider a greater range of facts and to impose a sentence that varies from the guidelines. In this case, however, the Government recommends a sentence at the low end of the applicable guideline range pursuant to the plea agreement. And after considering the factors in Section 3553, the court concludes that a sentence at the *high* end of the range is sufficient but not greater than necessary to serve the purposes of sentencing in this case.

federal sentence is a matter for the Bureau of Prisons to determine.  The objection is denied.

*Conclusion*.

The parties' objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this  1st  Day of October, 2008, at Wichita, Ks.

                                          s/Wesley E. Brown
                                          Wesley E. Brown
                                          U.S. Senior District Judge